IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANMOL SINGH,

     Petitioner,

v.                                   No. 2:26-cv-00650-KG-KRS

TODD LYONS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Anmol Singh's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

## I. *Background*

Petitioner, a 22-year-old native and citizen of India, entered the United States without inspection or admission on October 14, 2024. Doc. 6 at 2. United States Customs and Border Patrol ("CBP") arrested Petitioner and released him on his own recognizance soon after. *Id*. Petitioner resided in New York and complied with all conditions of release. Doc. 1 at 6.

Immigration and Customs Enforcement ("ICE") took Petitioner into custody in New York on December 2, 2025. Doc. 1 at 6. ICE transferred him to the Otero County Processing Center in New Mexico on December 10, 2025. *Id.* He remains detained there. *Id.* He applied for and received a bond hearing on February 26, 2026. *Id.* The immigration judge ("IJ") denied Petitioner's bond request "as a matter of discretion" because Petitioner failed to "meet his burden of showing that he is not a flight risk." Doc. 6-5 at 1. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") on March 25, 2026. *See* Doc. 7 at 71. Petitioner

challenges his detention and bond denial, arguing that he is "not a danger and have no criminal history." Doc. 1 at 7. Petitioner also filed a Motion for a Temporary Restraining Order on March 30, 2026, seeking immediate release during the pendency of these proceedings. *See* Doc. 7.

In its response, the Government urges the Court to deny the Petition on two grounds: that 28 U.S.C. § 1225 governs Petitioner's detention and he is not entitled to a bond hearing, or, in the event that the Court determines Petitioner's detention is governed by 28 U.S.C. § 1226, that Petitioner has "already received a custody redetermination hearing" that satisfies the statute. Doc. 6 at 2.

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this

2

second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

### III.   Analysis

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the United States for more than one year and resided in New York City where he worked at a gas station.  *See* Doc. 7 at 46.  He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received a bond hearing on February 26, 2026.  At that hearing, the IJ considered the record and found that Petitioner failed to carry his burden of showing he is not a flight risk and as a matter of discretion.  Doc. 6-5 at 1.  That is all § 1226 requires.  To the extent Petitioner challenges the IJ's discretionary denial of bond, that challenge is properly directed to the BIA.

### IV.   Conclusion

The Court denies the Petition, Doc. 1.  Petitioner's Motion for Temporary Restraining Order, Doc. 7, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

3